IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRAXTON GREEN, as the | ) | |
| Administrator of the Estate of | ) | |
| Jeffrey L. Danner, Sr., deceased | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-cv-608-MHT |
| | ) | |
| CATERPILLAR, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 14, entered 10/25/17).  Now pending before the Court is the Motion for Remand (Doc. 8, filed 10/10/17).  The motion is fully briefed and ripe for review.  For good cause shown, the Magistrate Judge recommends that the Motion for Remand be **GRANTED**.

### I.    FACTS AND PROCEDURAL HISTORY[1]

Plaintiff Braxton Green ("Green" or "Plaintiff"), as the Administrator of the Estate of Jeffrey L. Danner, Sr., filed this a complaint in Barbour County, Alabama Circuit Court on July 25, 2017.  *See* Doc. 1, Atch 1, Complaint.  The suit alleges wrongful death stemming from the negligent and wanton actions of Defendants Caterpillar, Inc. and Thompson Tractor Company, Inc.  On April 21, 2017, Jeffrey Danner, Sr. was killed when his Caterpillar D4C Series III, bulldozer moved rearward without the intended operator input and without the operator within the operator compartment.  As a result, the dozer ran over Mr. Danner.  *Id.*  Plaintiff asserts three specific causes of action.  The first two counts are directed against Defendant Caterpillar, Inc.

---

[1]    The Court must consider facts in the light most favorable to Plaintiff

("Caterpillar") and make state law claims under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD) and Negligence/Wantonness.  *Id*. at p. 3-5.  In a nutshell, Plaintiff claims defective design in the bulldozer subject to the accident at issue and negligence/wantonness as it related to that design, manufacture, marketing, sale, and recall.   The third count is against Thompson Tractor Company, Inc. ("Thompson Tractor") and asserts a claim for negligence/wantonness in the servicing of the bulldozer.  *Id*. at p. 6.

On August 25, 2017, Defendant Thompson Tractor Co., Inc. ("Thompson Tractor") filed its answer in Barbour County Circuit Court.  *See* Doc. 1, Atch. 7, Answer.  On September 13, 2017, Defendant Caterpillar, Inc. filed a Notice of Removal in this court based on an assertion of diversity jurisdiction.  *See* Doc. 1, generally.  Defendant Caterpillar states in its Notice of Removal that the case is properly removable under 28 U.S.C. §1441 because the United States District Court has original jurisdiction over this case under 28 U.S.C. §1332.

Specifically, Defendant Caterpillar asserts diversity jurisdiction exists in this case because the amount in controversy exceeds the $75,000 jurisdictional threshold and complete diversity of citizenship exists among the "true parties" when considering Defendant Thompson Tractor has been fraudulently joined.   Plaintiff is a citizen of Alabama.  Defendant Caterpillar is a Delaware corporation with its principal place of business in Peoria, Illinois.   Defendant Thompson Tractor – the defendant which has allegedly been fraudulently joined – is an Alabama corporation with its principal place in Birmingham, Alabama.

Plaintiff timely filed his motion to remand and brief in support on October 10, 2017.  *See* Docs. 8-9.  In the motion to remand, Plaintiff asserts Defendant Thompson Tractor was not fraudulently joined and therefore this case was not removable pursuant to 28 U.S.C. § 1441(b)(2) which states "[a] civil action otherwise removable solely on the basis of the jurisdiction under

section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Caterpillar responded to the motion to remand arguing that Thompson Tractor was fraudulently joined because Plaintiff could not recover against him under Alabama law. *See* Doc. 13. Therefore, if fraudulently joined, the Court must disregard his citizenship when considering the existence of diversity of citizenship. It emphasizes its point by arguing that the last work done by Thompson Tractor was in September 2015 (almost 20 months before the accident), there was no "contract" between Jeffrey Danner, Sr. and Thompson Tractor, and Thompson Tractor did not manufacture or assemble the machine, otherwise exercise control over the machine, or alter/modify the machine prior to selling it. *See* Doc. 13 at p. 4. Plaintiff timely filed a reply asserting Defendant have not established that Alabama law precludes a claim against Thompson Tractor and that Defendant improperly seeks to shift the burden to Plaintiff by arguing the merits of the claim instead of whether there is an arguable claim as required for jurisdictional purposes. *See* Doc. 15. Thompson Tractor has not filed any pleadings beyond its original Answer filed in state court and the required Corporate/Conflict Disclosure statement. *See* Docs. 1, 5.

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1720, 135 L.Ed.2d 1 (1996). However, federal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994). Defendant, as the party removing this action, have the burden of establishing federal jurisdiction. *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th

Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)). Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns*, 31 F.3d at 1095 (citations omitted).

Even if complete diversity is lacking "on the face of the pleadings," a defendant may remove "an action…if the joinder of the non-diverse party…[was] fraudulent." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)). The action is removable because "[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant." *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs*, 154 F.3d at 1287. The Eleventh Circuit has recognized three situations in which joinder may be deemed fraudulent: (1) when there is no possibility that the plaintiff can prove a cause of action against the resident (or non-diverse) defendant; (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts; and (3) when there is no real connection to the claim and the resident (or non-diverse) defendant. *Id*.

"[T]he determination of whether a [non-diverse] defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005) (quoting *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998)). "The proceeding appropriate for resolving a claim of fraudulent joinder is *similar* to that used for ruling on a motion for summary judgment under [Federal Rule of Civil Procedure 56]."

*Id*. at 1322-23 (emphasis added).  Accordingly, all contested issues of substantive fact and any uncertainties as to the current state of the law must be resolved in the plaintiff's favor. *See id*. at 1323; *see also Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

However, "[w]hile the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment . . ., the jurisdictional inquiry must not subsume substantive determination." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (internal quotations omitted).  "In a fraudulent joinder inquiry, 'federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.'" *Pacheco de Perez*, 139 F.3d at 1380-1381 (quoting Crowe, 113 F.3d at 1538).

### III.   DISCUSSION AND ANALYSIS

Since this lawsuit began in state court, the court's jurisdiction depends on the propriety of removal.  Diversity jurisdiction exists where there is diversity of citizenship and the amount in controversy exceeds $ 75,000, exclusive of interest and costs.  28 U.S.C. § 1332.  Section 1446(b) then answers the question of when an action is removable, setting forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading; and (2) those that later become removable on the basis of "a copy of an amended pleading, motion, order or other paper."  Normally, the notice of removal must "be filed within thirty days after the receipt by the defendant … of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b).

"A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  Therefore, removal jurisdiction based upon diversity requires: (1) a complete diversity of citizenship between the plaintiff(s) and

the defendant(s) and (2) satisfaction of the amount in controversy requirement.   The amount in controversy is not at issue, thus the Court looks to the diversity of citizenship.

Plaintiff is "the master of the complaint and is free to avoid federal jurisdiction, by structuring [her] case to fall short of a requirement of federal jurisdiction. [Courts] permit this so long as the method of avoidance is not fraudulent." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (internal citations and quotations omitted).   Defendants have alleged that Thompson Tractor has been fraudulently joined under the "no cause of action" theory of fraudulent joinder.   This theory requires the defendants to prove that there is "[no] possibility that a state court would find that the complaint states a cause of action against . . . the [non-diverse] defendant[]." *Crowe*, 113 F.3d at 1538 (quotation marks omitted); *see also Restivo v. Bank of Am. Corp.*, 618 F. App'x 537, 539 (11th Cir. July 8, 2015) (quoting *Crowe*). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287. The "potential for legal liability must be reasonable," however, "not merely theoretical." *Legg*, 428 F.3d at 1325 n.5 (citation and internal quotation marks omitted). Stated differently, a court may deny the motion to remand only if there was no possibility that the plaintiff could have maintained a cause of action.   *Henderson*, 454 F.3d at 1281-82. The court's "task is not to gauge the sufficiency of the pleadings in this case. [The] inquiry is more basic: [The court] must decide whether the defendants have proven by clear and convincing evidence that no Alabama court could find this complaint sufficient…" *Id.* at 1284; *see also Gonzalez v. J.C. Penney Corp.*, 209 F. App'x 867, 869 (11th Cir. Oct. 20, 2006) ("The burden of establishing fraudulent joinder is a heavy one.").

The question which remains before the Court is whether or not there is any possibility

that Plaintiff could maintain the negligence cause of action against Defendant Thompson Tractor.  Caterpillar to prove fraudulent joinder must demonstrate that there exists no reasonable basis upon which a court could impose liability as to this claim.  Additionally, as this is a diversity case, Alabama law controls on the substantive issues.

"The elements of a negligence claim are a duty, a breach of that duty, causation, and damage." *Aliant Bank v. Four Star Invs., Inc.*, --- So. 3d ---, ---, 2017 Ala. LEXIS 47, 2017 WL 1787935, *18 (Ala. May 5, 2017) (quoting *Armstrong Bus. Servs., Inc. v. AmSouth Bank*, 817 So. 2d 665, 679 (Ala. 2001)); *Prill v. Marrone*, 23 So. 3d 1, 6 (Ala. 2009).  Thus, to prevail on a negligence claim, Plaintiff must demonstrate the following: (1) that Defendant owed a duty of care to Mr. Danner; (2) that Defendant breached that duty; (3) that Mr. Danner suffered loss or injury; and (4) that Defendant's negligence was the actual and proximate cause of that loss or injury.  To establish wantonness, a plaintiff "must prove that the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty. To be actionable, that act or omission must proximately cause the injury of which the plaintiff complains." *Norfolk S. Ry. Co. v. Johnson*, 75 So. 3d 624, 646 (Ala. 2011) (internal quotation marks omitted).

Count Three of Plaintiff's complaint specifically claims "Shortly before the incident involving this case, a representative of Thompson worked on the subject bulldozer in an effort to eliminate one or more of the defects in the subject dozer…The negligent maintenance or repair included work on the braking system, clutch system and drive system…[and] Jeffrey Danner specifically contracted with Thompson to repair the braking system, brake lock system, steering system and clutch system." *See* Doc. 1, Ex. A at ¶¶ 29, 31-32." Caterpillar argues that it became aware that this case was removable based upon its receipt of "Thompson's service records

regarding the subject machine."  *See* Doc. 1 at ¶ 5.  Caterpillar asserts that Plaintiff cannot maintain its claims against Thompson Tractor because the work was performed on the subject machine approximately one year and eight months prior to the accident, the work involved components different from those that may have caused the accident, and it did not manufacture, assemble, exercise control over the design, and did not alter/modify the machine prior to its sale. *See* Doc. 13 at p. 4.  It further argues Plaintiff fails to offer competent, admissible evidence sufficient to show that he could recover against Thompson in state court.

By its own argument, Caterpillar improperly attempts to shift the burden to the Plaintiff to show he could survive summary judgment after the discovery process.  That is not the lens with which the Court must view its jurisdiction.  While the process has some similarities to a summary judgment determination, it remains that "the jurisdictional inquiry must not subsume substantive determination" which is exactly what Defendant ask this Court to do.  The standard, however, is not whether it is likely that a plaintiff will prevail against a defendant; the standard is whether there is a possibility that the plaintiff has stated a valid cause of action. *See Triggs*, 154 F.3d at 1287.  Put differently, this Court previously stated that standard is whether the plaintiffs have made "some showing that 'the allegations and other factual contentions have evidentiary support or . . . are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.'" *Wright*, 74 F.Supp.2d at 1153 (ellipsis in original) (applying similar standard as Rule 11).

While Defendant's may be correct in that Plaintiff's affidavits contain some hearsay, the Court cannot yet conclude that they are *inadmissible* hearsay or even that the full summary judgment standard on evidence should apply in a jurisdictional context.  Inadmissible hearsay generally "cannot be considered on a motion for summary judgment." *Macuba v. Deboer*, 193

F.3d 1316, 1322 (11th Cir.1999).  The exception is that otherwise admissible evidence may be "submitted in inadmissible form at the summary judgment stage, though at trial it must be submitted in admissible form."  *McMillian v. Johnson*, 88 F.3d 1573, 1584 (11th Cir.1996) (emphasis omitted).

At the outset, the Court notes it is not convinced that the affidavits <u>must</u> currently fit the evidentiary strictures that bind motions for summary judgment when looking at a motion to remand.  Rule 56(c)(4) of the Federal Rules of Civil Procedure specifies that "an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  The Rules contain no such requirement with regard to jurisdiction (or a motion to remand).  *Cf. Theunussen v. Matthews*, 935 F.2d 1454 (6th Cir.1991) (allowing consideration of hearsay evidence in conjunction with Rule 12(b)(2) motion when determining jurisdiction).  Moreover, other federal courts have held that "where a claim of fraudulent joinder is asserted Federal courts may pierce the pleadings and consider the *entire* record, determining the question by any means available."  *El Chico Restaurants v. Aetna Vas. & Sur. Co.*, 980 F. Supp. 1474, 1479 n. 3 (S.D. Ga. 1997) (citations omitted); *see also Dodd v. Fawcett Publications*, 329 F.2d 82, 85 (10th Cir. 1964) ("But upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available.") (internal citations omitted).  Thus, the Court may "view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists."  *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993).[2]

[2]    The Court acknowledges Defendant's citation of *Connally v. State Farm & Cas. Co.*, Civ. Act. No. 12-64, 2012 U.S. Dist. LEXIS 81824, 2012 WL 2155110 (S.D. Ala. May 22, 2012) and other cases which provide that inadmissible hearsay cannot be considered for fraudulent joinder.  *See Connally*, 2012 U.S. Dist. LEXIS 81824 at *33, 2012 WL 2155110 at *10 (stating "inadmissible hearsay cannot be

Further, even if the strictures for summary judgment evidence apply, the Court also notes that a properly support summary judgment has the benefit of full discovery.  In the case at hand, Defendants assert the expert affidavit submitted by Plaintiff fails – in essence requesting this court perform a Daubert analysis and full evidentiary determination on whether the affidavits can be rendered admissible at trial – without Plaintiff having the benefit of conducting discovery on defendant's own evidence submitted such as the accident report which the Defendants request the Court consider.  The Court is not inclined to make such determinations as it is convinced at this nascent stage that it is *possible* that Plaintiff may be able to render admissible some or all of the information the affidavits contain.  Plaintiff articulates this well in the reply brief.  *See* Doc. 15 at p. 12-16.

Ultimately, the Court's inquiry is limited to whether there is any possibility that an Alabama court could find Defendant Thompson Tractor liable under a theory of negligence or wantonness.  Taking the facts in the light most favorable to Plaintiff, he could potentially satisfy the elements of negligence that Thompson Tractor owed a duty of care to Mr. Danner, Thompson Tractor breached that duty, Mr. Danner died as a result, and the negligence was a proximate cause of Mr. Danner's death.

From the allegations in the plaintiff's complaint and the evidence at hand, the Court is

---

considered on a motion for summary judgment, it also cannot be considered in resolving a claim of fraudulent joinder; and that the affiant must be competent to testify on the matters stated and that all matters must be statements of fact based on personal knowledge.") (internal quotations and citations omitted); *Bloodsworth v. Smith & Nephew*, Civ. Act. No. 2:05-cv-622, 2005 U.S. Dist. LEXIS 38756, *27,2005 WL 3470337, *9 (M.D. Ala. 2005) (DeMent, J.) ("The court cannot consider hearsay in ruling on the fraudulent joinder issue.").   Yet, those cases cite no authority other than the basic summary judgment law on what can be considered and do not reconcile that while the standard is similar to summary judgment, the jurisdictional inquiry must not subsume substantive determination and is a lighter burden than a fully briefed and supported summary judgment motion with the benefit of discovery. Rather, the undersigned finds this more analogous to the cases cited above in the body of its analysis. However, with this area of law unsettled, the Court continues it analysis in the next paragraph on whether it is clear whether or not the Plaintiff could render the information admissible at trial through some other means.

unable conclude that there is *no* possibility that the plaintiff has stated a valid cause of action against Thompson Tractor.  The cases cited by Defendant do not compel a different conclusion as they were decided at summary judgment – after the discovery process with the benefit of fully supported summary judgment motions and responses.  Such is not the case here.  Instead when the Court construes the facts and any ambiguities in the law in favor of the Plaintiff, a valid claim of negligence against Thompson Tractor may exist.  Caterpillar failed to carry the heavy burden of showing Thompson Tractor was fraudulently joined, federal diversity jurisdiction does not exist in this case, and the case should be remanded.

### IV. CONCLUSION

For reasons discussed, it is the **RECOMMENDATION** of the Magistrate Judge that the Motion to Remand (Doc. 8) be **GRANTED** and this action be REMANDED to the Circuit Court of Barbour County, Alabama.

It is further **ORDERED** that the parties shall file any objections to the said Recommendation on or before **April 20, 2018**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds*

*Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

     DONE this 6th day of April, 2018.

                    /s/Terry F. Moorer
                    TERRY F. MOORER
                    UNITED STATES MAGISTRATE JUDGE